UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

CARL HALE, as Guardian of Amy L. Hale, :
and the Person and Estate of Amy L. Hale, :
                                                                        :
    Plaintiff, :
                                                                         :
v. : File No. 1:08-cv-00082-jgm
                                                                         :
NORTHEASTERN VERMONT :
REGIONAL HOSPITAL, INC. and :
PAUL M. NEWTON, M.D., :
    Defendants. :

[VACATED 2/10/2011 Pursuant to Doc. No. 72]

MEMORANDUM AND ORDER
(Doc. 48)

Plaintiff Carl Hale, as guardian of Amy L. Hale, commenced this action on April 10, 2008, against Defendants Northeastern Vermont Regional Hospital, Inc. and Paul M. Newton, M.D. (collectively, Defendants) under 42 U.S.C. § 1395dd based on the alleged negligence of Defendants. On December 2, 2010, Defendants filed a Motion for Separate Trials on Liability and Damages. Doc. 48.  They argue the issues of liability and damages are separate and bifurcation will promote judicial economy and avoid unfair prejudice.  Id.  Plaintiff opposes the motion.  Doc. 55.

The Court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).  Rule 42(b) clearly commits the weighing of these factors to the sound discretion of the trial court.  Id.; see also Vichare v. AMBAC Inc., 106 F.3d 457, 466 (2d Cir. 1996) (affirming district court's discretionary denial of motion to bifurcate).  Bifurcation is the exception rather than the rule: the Advisory Committee Notes to Rule 42 comment "separation of issues for trial is not to be routinely ordered, [but] it is important that it be encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42 advisory committee's note.  "Given the preference for single trials, [Defendants] bear[] the burden of showing that separate trials are

warranted." Fraser v. Concord Gen. Mut. Ins. Co., No. 2:06-cv-210, 2009 WL 890123 (D. Vt. Mar. 30, 2009) (denying motion to bifurcate).

In this case, because the witnesses regarding liability and damages may likely overlap, Doc. 55 at 1, and the Court can instruct the jury to avoid prejudice, Defendants' motion to bifurcate is denied. The potential overlap of the evidence on liability and damages signals bifurcation would neither expedite nor economize judicial resources. A limiting instruction may be requested regarding potential issues of prejudice and any potential prejudicial effect would be substantially reduced by such an instruction. See Pouliot v. Paul Arpin Van Lines, Inc., 235 F.R.D. 537, 542-43 (D. Conn. 2006). The Court, in its discretion, concludes bifurcation is inappropriate because it is not likely to promote convenience, avoid prejudice, or save expense. Defendants' motion to bifurcate, Doc. 48, is DENIED.

The Court notes the parties will be participating in an ENE session on January 30, 2011 and the case will be ready for jury drawing after April 15, 2011.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of January, 2011.

/s/ J. Garvan Murtha  
Honorable J. Garvan Murtha  
Senior United States District Judge

[VACATED 2/10/2011 Pursuant to Doc. No. 72]