UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| CARL HALE, individually and as Guardian of the Person and Estate of Amy L. Hale as Guardian for Amy L. Hale, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | File No. 1:08-cv-82-jgm |
| NORTHEASTERN VERMONT REGIONAL HOSPITAL, INC. and PAUL M. NEWTON, | : : : | |
| Defendants. | : : | |

MEMORANDUM AND ORDER
(Doc. 89)

On Friday, September 30, 2011, this Court issued a Memorandum and Order (Doc. 88) granting in part and denying in part Northeastern Vermont Regional Hospital, Inc's (NVRH) motion for summary judgment (Doc. 65). On Monday, October 3, 2011, NVRH filed a motion for reconsideration (Doc. 89). Plaintiff Carl Hale (Hale) opposes the motion (Doc. 90).

NVRH's motion sought dismissal of Hale's claims under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd. Familiarity with the underlying facts is presumed. See Doc. 88.

The standard for granting a motion to reconsider is strict, and reconsideration is generally denied unless the moving party points to controlling decisions or data that the court overlooked: "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). If the moving party is seeking solely to relitigate an issue already decided, the court should deny the motion for reconsideration and adhere to its prior decision. Id.

In considering NVRH's motion, the Court was well aware Hale's joint opposition (Doc. 77) to both NVRH's and Defendant Dr. Paul Newton's separate motions for summary judgment was not prolific in its defense of the EMTALA claims.  In considering a summary judgment motion, however, a court is tasked with viewing the evidence in the light most favorable to the non-moving party, here Hale, and determining if, as to the claim on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of that party.  <u>Salahuddin v. Goord</u>, 467 F.3d 263, 272 (2d Cir. 2006); <u>Fischl v. Armitage</u>, 128 F.3d 50, 56 (2d Cir. 1997) (internal quotation and citation omitted).  Claims are stated in the complaint.  Hale's complaint does not specify an EMTALA subsection but does allege Defendants violated EMTALA "by failing to properly screen or stabilize." (Doc. 13 ¶ 5.)  Accordingly, the Court analyzed both claims, <u>see</u> Doc. 88 at 6-10, and determined there was evidence in the record from which a reasonable inference could be drawn in favor of Hale on a failure to properly screen claim, whether or not Hale vigorously defended it in his opposition.

     NVRH's motion for reconsideration (Doc. 89) is denied.

     SO ORDERED.

     Dated at Brattleboro, in the District of Vermont, this 24th day of October, 2011.

                         /s/ J. Garvan Murtha
                         Honorable J. Garvan Murtha
                         United States District Judge