UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| CARL HALE, as Guardian of Amy L. Hale, and the Person and Estate of Amy L. Hale, : : : | |
| Plaintiff, : : | |
| v. : : | File No. 1:08-cv-00082-jgm |
| NORTHEASTERN VERMONT REGIONAL HOSPITAL, INC. and PAUL M. NEWTON, M.D., : : : : : | |
| Defendants. : : | |

MEMORANDUM AND ORDER
(Doc. 48)

Plaintiff Carl Hale, as guardian of Amy L. Hale, commenced this action on April 10, 2008, against Defendants Northeastern Vermont Regional Hospital, Inc. and Paul M. Newton, M.D. (collectively, Defendants) under 42 U.S.C. § 1395dd based on the alleged negligence of Defendants. On December 2, 2010, Defendants filed a Motion for Separate Trials on Liability and Damages. Doc. 48. They argue the issues of liability and damages are separate and bifurcation will promote judicial economy and avoid unfair prejudice. Id. Plaintiff opposes the motion. (Doc. 55.) The Court denied the motion on January 14, 2011; upon reconsideration, however, the Court vacated the Memorandum and Order, determining to consider the motion after summary judgment motions were resolved. See Docs. 58, 72. On September 30, 2011, the Court decided Defendants' motions for summary judgment and ordered the parties submit additional briefing on Defendants' motion to bifurcate. The parties complied. (Docs. 92, 94.)

The Court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Rule 42(b) clearly commits the weighing of these factors to the sound discretion of the trial court. Id.; see also Vichare v. AMBAC Inc., 106 F.3d 457, 466

(2d Cir. 1996) (affirming district court's discretionary denial of motion to bifurcate). Bifurcation is, however, the exception rather than the rule: the Advisory Committee Notes to Rule 42 comment "separation of issues for trial is not to be routinely ordered, [but] it is important that it be encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42 advisory committee's note. "Given the preference for single trials, [Defendants] bear[] the burden of showing that separate trials are warranted." Fraser v. Concord Gen. Mut. Ins. Co., No. 2:06-cv-210, 2009 WL 890123 (D. Vt. Mar. 30, 2009) (denying motion to bifurcate).

In this case, though Plaintiff argues the witnesses regarding liability and damages will overlap, Doc. 55 at 1, Defendants point to the expert witness reports which show Plaintiff has five experts on liability and two experts on damages. See Docs. 57-1, 57-2, 57-3, 57-4, 57-5, 57-6, 57-7. Defendants have disclosed two experts who will testify to liability only. Doc. 92 at 2; see also Docs. 92-1, 92-2. While Mr. Hale may testify at both trials, should two trials be necessary, presumably he would be in attendance at both, as he is a party. Accordingly, the potential overlap of the evidence on liability and damages is minimal.

Defendants argue they would be unfairly prejudiced if the jury were exposed to the "disturbing details of the extent of Mrs. Hale's injuries." (Doc. 92 at 2.) Plaintiff responds that a limiting instruction would mitigate the risk of prejudice. See Docs. 55, 94. This case is distinguishable from others in which the jury would be exposed to the extent of the injuries by virtue of the injured plaintiff's presence, see Pouliot v. Paul Arpin Van Lines, Inc., 235 F.R.D. 537 (D. Conn. 2006) (jury would observe paraplegic plaintiff in court), or by evidence bearing on liability, see Svege v. Mercedes-Benz, 329 F. Supp. 2d 283 (D. Conn. 2004) (jury would see graphic photos of destroyed vehicle illustrating injuries must have been substantial). See also Doc. 94 at 3-4

(citing cases).  Ms. Hale will not be attending the trial and evidence bearing on liability need not illustrate the extent of her injuries.

Regardless of whether bifurcation will inconvenience Plaintiff or mitigate the risk of prejudice or not, the Court, in its discretion, concludes bifurcation is appropriate because it is likely to promote convenience and save expense.  A trial on liability may dispose of the case:  If Defendants prevail, a trial on damages will be unnecessary.  If Plaintiff prevails, it is foreseeable the case may settle given the serious injury to Ms. Hale.  Defendants' motion to bifurcate (Doc. 48) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of November, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge